# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR F 10-0416 LJO |
| Plaintiff, | **ORDER ON 28 U.S.C. § 2255 MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE** |
| v. | (Docs. 210, 212) |
| RAFAEL PINEDA-PARRA, | |
| Defendant. | |

## I. INTRODUCTION

Defendant Rafael Pineda-Parra ("Defendant"), a prisoner in federal custody proceeding pro se, submitted to this Court a 28 U.S.C. § 2255 ("section 2255") motion to vacate, set aside, or correct sentence. For the reasons discussed below, this Court DENIES Defendant's section 2255 motion.

## II. BACKGROUND

### A. Change of Plea and Plea Agreement

Defendant was charged with several counts in connection with conspiracy to cultivate marijuana, cultivation of marijuana, distribution of marijuana, and possession of marijuana. On April 16, 2012, Defendant entered into a plea agreement with the United States ("government") in which he agreed to plead guilty to count one of the indictment charging Defendant with conspiracy to cultivate marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. (Doc. 140, p. 2). Pursuant to the plea agreement, Defendant "waives the right to appeal his conviction or any sentence" and "waives his right to challenge his conviction, sentence or the

manner in which it was determined in any post-conviction attack, including but not limited to a motion under Title 28, United States Code, Sections 2241 or 2255." (Doc. 140, p. 4-5).

At the April 16, 2012 change of plea hearing, Defendant acknowledged:

1. His desire to plead guilty and his signature on the plea agreement;
2. He understood the elements of the crime on page five and six of the plea agreement;
3. He understood and confirmed as true the facts on page six of the plea agreement;
4. He understood the mandatory minimum of a ten-year sentence;
5. He understood he was waiving his right to appeal and that as a result of the conviction, he will probably be deported;
6. No one threatened or forced him to plead guilty and pleading guilty was his choice;
7. He understood he was waiving his trial rights; and
8. No one promised him anything other than what the plea agreement states.

Defendant further acknowledged that this Court is not bound by the plea agreement:

Q: I'm obligated to consider the federal guidelines in sentencing, but not obligated to follow them, and if I don't, you can't take your change of plea back. Do you know that?

A: Yes.

**B.** **Sentencing**

At the August 27, 2012 sentencing, this Court sentenced Defendant to 168 months imprisonment at the low end of the federal sentencing guidelines.

## II. DISCUSSION

Defendant seeks relief under section 2255 based on the instant motion. (Doc. 210).

**A.** **Waiver**

Defendant's waiver to attack his sentence collaterally renders his request for section 2255 relief susceptible to denial.

A plea agreement is a contract and subject to contract law standards. *United States v. Escamilla*, 975 F.2d 568, 571 (9th Cir. 1992), *United States v. Read*, 778 F.2d 1437, 1441 (9th Cir. 1985). A defendant may waive the right to seek section 2255 and related relief. *See United States v. Abarca*, 985 F.2d 1012, 1013 (9th Cir. 1993), *cert. denied*, 508 U.S. 979 (1993). "[A] prisoner may not collaterally attack a judgment if the prisoner waived the right to do so." *United States v. Racich*, 35 F.Supp.2d 1206, 1210 (S.D. Cal. 1999). A plea agreement does not waive the right to seek section 2255 or related relief unless it does so expressly. *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994). The right to bring a collateral attack under section 2255 is statutory, and a "knowing and voluntary waiver of a statutory right is enforceable." *Abarca*, 985 F.2d at 1014.

In the plea agreement, Defendant specifically waived his right to appeal his conviction or any sentence and his right to challenge his conviction, sentence, or any post-conviction attack, including a section 2255 or related motion. (Doc. 140, p. 4-5). Thus, Defendant's waiver of his appeal and collateral attack rights, as part of his knowing and voluntary plea agreement, is valid.

**B.     Defendant Fails to Set Forth Factual Allegations in His Section 2255 Motion**

Under section 2255, a prisoner in federal custody may petition the sentencing court to vacate, set aside, or correct its sentence if the prisoner believes that his sentence was imposed "in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. "[T]o obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady,* 456 U.S. 152, 166 (1982). The court shall grant a hearing, determine the issues, and make findings of fact and conclusions of law, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255.

In deciding whether to grant a hearing, the court shall determine whether defendant made "specific allegations that, if true, state a claim on which relief could be granted." *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984); *United States v. Hearst,* 638 F.2d 1190, 1194

(9th Cir. 1980), *cert. denied,* 451 U.S. 938 (1981). The hearing must be granted unless defendant's allegations fail to state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal, when viewed against the record. *United States v. Schaflander*, 743 F.2d at 717; *see Blackledge v. Allison,* 431 U.S. 63, 76 (1977); *see Baumann v. United States,* 692 F.2d 565, 571, 581 (9th Cir. 1982). Defendant bears the burden of proving his or her claims by a preponderance of the evidence. *See Lee v. United States*, 468 F.2d 906, 906 (9th Cir. 1972); *see United States v. Thompson,* 587 F.Supp.2d 121, 122 (D.D.C. 2008) (*citing United States v. Simpson,* 475 F.2d 934, 935 (D.C.Cir. 1973).

The arguments set forth within Defendant's motion are not a model of clarity. Defendant's motion only contains legal concepts, rather than factual allegations. Specifically, Defendant recites law regarding the general standard for relief under section 2255, the effect of a guilty plea not waiving certain jurisdictional challenges to the conviction, when a petitioner's sentence is subject to review under the "reasonsonableness" standard, a court's error in upward decisions under the United States Sentencing Guidelines section 4A1.3, the petitioner's constitutional right to effective assistance of counsel, the need for a plea to be voluntary and intelligent, and how the holdings in certain cases apply retroactively. (Doc. 210, p. 2-15). Since Defendant fails to set forth facts that would indicate reasons for which relief should be granted, this Court denies Defendant relief under section 2255. *See United States v. Schaflander*, 743 F.2d at 717; *see United States v. Hearst,* 638 F.2d at 1194.

**C.  Voluntary and Intelligent Plea and Ineffective Assistance of Counsel Arguments**

Despite the lack of appearance and clarity of arguments made, Defendant seems to contend that his guilty plea was involuntary and he received ineffective assistance of counsel.

### 1.  Voluntary and Intelligent Plea

Defendant's voluntary and intelligent plea further bars certain section 2255 or other requested relief.

"It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." *Mabry v. Johnson*, 467 U.S. 504, 508-09 (1984). To determine voluntariness, the court examines the

4

totality of the circumstances. *Iaea v. Sunn*, 800 F.2d 861, 866 (9th Cir. 1986). A plea is voluntary if it "represents a voluntary and intelligent choice among alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970). "[A] plea of guilty entered by one fully aware of the direct consequences . . . must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes)." *Brady v. United States*, 397 U.S. 742, 755 (1970). In sum, "a guilty plea is void if it was 'induced by promises or threats which deprive it of the character of a voluntary act." *Sanchez v. United States*, 50 F.3d 1448, 1454 (9th Cir. 1995) (*quoting Machibroda v. United States*, 368 U.S. 487, 493 (1962)).

Defendant contends that his guilty plea was involuntary but failed to set forth any facts to support his argument. (Doc. 210, p. 10-12). Nonetheless, during the change of plea hearing, Defendant acknowledged that he was fully aware of the direct consequence of his plea and indicated his guilty plea was his choice. Moreover, Defendant was advised and acknowledged his understanding that this Court was not bound by the plea agreement and could depart from it. Thus, under *Brady*, Defendant's plea must stand, as his plea was voluntary and intelligent.

### 2. **Ineffective Assistance of Counsel**

The "Sixth Amendment right to counsel exists 'in order to protect the fundamental right to a fair trial.'" *Lockhart v. Fretwell*, 506 U.S. 371, 368 (1993) (*quoting Strickland v. Washington*, 466 U.S. 688, 684 (1984)); *see also Nix v. Whiteside*, 475 U.S. 157, 175 (1986). When considering an ineffective assistance of counsel claim, a court must consider two factors. *Lockhart*, 506 U.S. at 369; *Strickland*, 466 U.S. at 687; *Lowry v. Lewis*, 21 F.3d 344, 346 (9th Cir. 1994), *cert. denied*, 513 U.S. 1001 (1995).

The first factor is whether the counsel's performance fell below an objective standard of reasonableness considering all of the circumstances. *Strickland*, 466 U.S. at 687-88; *Bloom v. Calderon*, 132 F.3d 1267, 1270 (9th Cir. 1997), *cert. denied*, 494 U.S. 1039 (1998). A defendant must demonstrate that counsel's performance was deficient and that counsel made errors so serious as not to function as "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466

U.S. at 687. A defendant must identify counsel's alleged acts or omissions that were not the result of reasonable, professional judgment considering the circumstances. *Strickland*, 466 U.S. at 690; *United States v. Quintero-Barraza*, 78 F.3d 1344, 1348 (9th Cir. 1995), *cert. denied*, 519 U.S. 848 (1996). There is a strong presumption that counsel's performance fell within the wide range of professional assistance. *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986) (*quoting Strickland*, 466 U.S. at 689); *Bloom*, 132 F.3d at 1270; *Hughes v. Borg*, 898 F.2d 695, 702 (9th Cir. 1990). Judicial scrutiny of counsel's performance is highly deferential. *Strickland*, 466 U.S. at 677-78; *Quintero-Barraza*, 78 F.3d at 1348; *Sanders v. Ratelle*, 21 F.3d 1446, 1456 (9th Cir. 1994).

The second factor for court consideration is whether the petitioner has affirmatively proven prejudice. *Strickland*, 466 U.S. at 693; *Bloom*, 132 F.3d at 1271. Prejudice occurs when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A reasonable probability is "a probability sufficient to undermine the confidence in the outcome." *Id.* In addition, the court can find prejudice only when the outcome would have been different without counsel's errors. *See Lockhart*, 506 U.S. at 369-70.

Defendant contends that he received ineffective assistance of counsel based on counsel's failure "to object to highly prejudicial evidence," "to adequately counsel [Defendant] regarding plea of guilty and nolo contendere," "to adequately investigate [Defendant's] competency," "to bring up the defense of either [e]ntrapment or [e]ntrapment by [e]stoppel," and "to subject the [g]overnment's case to any meaningful adversarial testing." (Doc. 210, p. 8-9). Since Defendant did not demonstrate, in any way, that his counsel's performance was deficient and that counsel made serious errors, Defendant failed to meet the first standard in proving ineffective assistance of counsel. In addition, Defendant failed to set forth any facts to support his argument regarding ineffective assistance of counsel; instead, he stated legal concepts and conclusions. Thus, Defendant's ineffective assistance of counsel claim fails.

/ / /

/ / /

**D.     Certificate Of Appealability**

28 U.S.C. § 2253(c)(1) precludes an appeal from a final order in section 2255 proceedings unless a circuit justice or judge issues a certificate of appealability ("COA"). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2); *see Slack v. McDaniel*, 529 U.S. 473, 483 (2000). A COA issues when defendant demonstrates the questions raised are "debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4 (1983). In the absence of a COA, no appeal in a section 2255 proceeding may be heard. 28 U.S.C. § 2253(c).

This Court has reviewed the record of this case and finds no jurist of reason could debate the correctness to deny Defendant collateral relief. *See Barefoot*, 463 U.S. at 893, n. 4; *Clark v. Lewis*, 1 F.3d 814, 819 (9th Cir. 1993). On the merits of this case, reasonable jurists would not debate the constitutionality of defendant's conviction. A COA is improper.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court DENIES Defendant section 2255 or related relief and a COA.

IT IS SO ORDERED.

Dated:   **September 11, 2013**               **/s/ Lawrence J. O'Neill**
                                                              UNITED STATES DISTRICT JUDGE